IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKY DALE FORD | § | |
| v. | § | CIVIL ACTION NO. 6:16cv968 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Ricky Ford, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Background

Ford was convicted of the disciplinary offenses of failing to obey an order, creating a disturbance, and assault on a correctional officer. The charge read as follows:

> On the date and time listed above, and at ST 10 Building walkway, offender: Ford, Ricky Dale, TDCJ-ID No. 00627561, was ordered by Sgt. E. Sam to proceed to where he was going and said offender failed to obey the order. Offender Ford did become belligerent on the walkway which resulted in a significant disruption of operations in that such act caused morning traffic flow to stop. Offender Ford assaulted me, Sgt. Sam, without a weapon, by biting me on my left index finger.

Ford complained that he was denied witnesses, he was denied access to exonerating evidence in the form of the surveillance video, he was denied the right to confront the charging officer, and the finding of guilt was based on false testimony by Sgt. Sam. The Magistrate Judge ordered the Respondent to answer Ford's petition and reviewed copies of the state records as well as an audio

1

recording of the disciplinary hearing. After reviewing the records and pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied. The Magistrate Judge determined that Ford did not exhaust his state administrative remedies on his second and third claims and that none of Ford's claims had merit.

**II. Ford's Objections to the Report**

Ford has filed a pleading which he styles as a "motion to alter, amend, or set aside the judgment." Because no judgment has been entered, the Court will treat this pleading as objections to the Magistrate Judge's Report.

A. The Extent of Sgt. Sam's Injuries

Ford argues that according to the medical records, Sgt. Sam was treated only with plain soap and water, and that such treatment will not support a finding of guilt on a charge of assault causing bodily injury beyond first aid. The disciplinary charge itself says nothing about injury beyond first aid, but Ford was charged with an offense code 3.4, which is defined in the TDCJ Disciplinary Rules as "assaulting an officer, or any other person who is not an offender, without a weapon that results in a serious injury."

Ford raises this contention for the first time in his objections. As a result, this issue is not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Even if it were properly before the Court, the claim is without merit. The state records contain a document entitled "Injury Treatment Report," from the unit medical department to the unit risk manager. This document, signed by a registered nurse named Leal, states that Sgt. Sam suffered a human bite to the second digit of his left hand. The injury was work-related and classified as serious. (Docket no. 20-2, p. 10). This is some evidence to support the finding of guilt on the charge of assaulting an officer without a weapon resulting in a serious injury. *See Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all"); *accord*, *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir.

2001) (weight of the evidence is not assessed in reviewing prison disciplinary proceedings). Ford's objection in this regard is without merit.

B. Contacting Inmate Witnesses

Ford states that he asked the Magistrate Judge for permission to contact witnesses and obtain affidavits which would have provided him with evidence in his favor, as well as evidence that state employees intentionally prevented him from communicating with these witnesses. He contends that inmate Gary Sangster witnessed the incident and identifies Jason Connor as an inmate who was in the chapel and a prisoner named Chipps as having been on the sidewalk. However, he complains his petition was denied because he did not show that the witnesses would have been favorable to him, which he could not do without communicating with them.

The state records show that Ford's counsel substitute made efforts to contact potential witnesses, but the chapel's records were incomplete. Nonetheless, several statements from inmates were entered into the record at the hearing. All but one of the inmates contacted denied any knowledge of the incident, and the other one stated that he only knew Sam had swung at Ford. The use of force report contained a group refusal by inmates to offer statements.

The fact that Ford was unable to get evidence in his favor for his federal habeas corpus petition does not show any entitlement to relief because the federal court does not conduct a *de novo* factual review and will not re-try the disciplinary case with Ford's new evidence. *Smith v. Rabelais*, 659 F.2d 539, 545 (5th Cir. 1981). In denying Ford's motion for communication with eyewitnesses, the Magistrate Judge explained that "the court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the hearing officer's findings," *citing Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454-55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Ford has offered nothing beyond conclusory assertions to show that prison officials interfered with his ability to secure affidavits from the inmates he identifies to the effect that they

3

would have given him favorable statements or testified favorably to him at the disciplinary hearing. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983) (habeas petitioner's bald assertions on a critical issue lack probative evidentiary value). The Fifth Circuit has held that complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001).

The record indicates that efforts were made to contact Ford's requested witnesses and that statements from those who could be contacted were made part of the record. Sufficient evidence was offered to uphold the findings of the disciplinary hearing officer. Ford's objection on this point is without merit.

### C. Calling the Medical Provider

Ford complains that he was not permitted to call the medical provider who treated Sam, stating that this provider "would definitely have disproved a guilty finding on the charge of assault bodily injury beyond first aid, possibly testified Ford's crooked teeth didn't cause any injury to Sam, and clarified what or where the injury actually was, Sam's blister or an imaginary wound Officer Price couldn't see when shown the wound." He offers no basis to suppose that the health care provider would testify contrary to the Injury Treatment Report which showed that Sgt. Sam suffered a human bite and categorized the injury as "severe." Instead, Ford simply speculates that the health care provider would testify favorably to him. This objection is without merit.

### D. Calling the Use of Force Investigator

Ford asserts that questioning the use of force investigator "would have revealed the knowing and intentional violation of policy during its investigation, including failing to identify and provide witness statements for all offenders in the area - chapel, and also the inappropriate / illegal record of a group refusal, which coincidentally all went toward preventing Ford from identifying, deposing, or calling offender eyewitnesses." As above, Ford simply speculates that the use of force investigator would have admitted to violating policy and otherwise testified favorably to him. The

prisoners who could be identified were asked for statements and all but one indicated that they had not seen anything. Ford does not explain why he believes recording a group refusal was inappropriate or illegal nor does he show that he was denied such process as he was due. His objection in this regard is without merit.

E. The Security Camera Video

Ford maintains that the security camera video is "clearly established as evidence relevant to these proceedings by statements of employees saying it captured the incident and by the response to Ford's Step One grievance." He speculates that the video could completely impeach Sam's entire testimony and show that Sam violently assaulted him without provocation. Because the video is "clearly established as evidence," Ford argues it must be plain error for the federal habeas court not to review it.

As stated above, the federal habeas court does not conduct a *de novo* factual review. *Smith*, 659 F.2d at 545. Ford's counsel substitute reviewed the video and determined that it showed a use of force, but the positioning of the camera did not permit enough viewing to determine whether or not Ford bit Sam. The Magistrate Judge correctly observed that under Fifth Circuit precedent, a disciplinary hearing officer does not violate the prisoner's due process rights by refusing to watch a surveillance video of the incident despite the prisoner's request that the hearing officer view the tape. *Arceneaux v. Pearson*, 449 F.App'x 396, 2011 U.S. App. LEXIS 22768, 2011 WL 5455820 (5th Cir., November 10, 2011). Ford's speculation as to what the video tape might have showed, which speculation was contrary to what his counsel substitute stated that the video tape showed, does not demonstrate that the Magistrate Judge erred. This objection is without merit.

F. Cumulative Error

Ford next alleges cumulative error denying him due process. He argues that the cumulative error includes violations of policy by the use of force investigator, denial of the video tape, denial of confrontation of the charging officer, denial of the right to call employee and inmate witnesses, counsel substitute's failure to locate or identify actual eyewitnesses but instead "making a show"

5

of contacting inmates who were not witnesses, and the fact Gary Sangster's witness statement is missing.

The issue of cumulative error is raised for the first time in Ford's objections and is not properly before the Court. *Finley*, 243 F.3d at 218 n.3. Even were this issue properly before the Court, Ford has failed to show that cumulative error offers a valid basis upon which to object to the Magistrate Judge's Report. Federal habeas corpus relief is only available for cumulative errors of constitutional dimensions. *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir.), *cert. denied*, 522 U.S. 880, 118 S.Ct. 204, 139 L.Ed.2d 141 (1997). The errors must have so infected the entire proceeding that the resulting conviction violates due process. *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.), *cert. denied*, 508 U.S. 960, 113 S.Ct. 2928, 124 L.Ed.2d 679 (1993). The court must review the record as a whole determine whether the errors more likely than not caused a suspect conviction. *Spence v. Johnson*, 80 F.3d 989, 1000 (5th Cir.), *cert. denied*, 519 U.S. 1012, 117 S.Ct. 519, 136 L.Ed.2d 407 (1996). A review of the record as a whole in this case fails to show that the alleged errors so infected the proceeding that Ford's conviction violates due process. Ford's objection on this point is without merit even if it were properly before the Court.

G. Exhaustion of State Administrative Remedies

The Magistrate Judge determined that two of Ford's claims were unexhausted, but nonetheless addressed these claims on the merits. Ford asserts that his claims were exhausted through presentation in a Step One grievance and then appealed to Step Two. A review of Ford's grievances shows that two of his claims, concerning the denial of access to the video tape and denial of confrontation of the charging officer, were raised in Step One grievance no. 2016127327, but the Step Two appeal of this grievance did not mention either of these claims. The fact that Ford did not mention these claims in his Step Two appeal demonstrates that he did not exhaust his administrative remedies on these two claims. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Ford's objections are without merit.

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Ricky Ford is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Feb 22, 2017**

_____
Ron Clark, United States District Judge